## CIVIL MINUTES - GENERAL     'O'

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|----------|-------------------------|------|----------------|
| Title | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|-----------------|-------------|-----|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) - DEFENDANTS' MOTION TO DISMISS & MOTION TO STRIKE (Filed June 15, 2016, Dkt. 21)

## I. INTRODUCTION

On April 26, 2017, plaintiff Kim Dunn initiated this action against Chaffey Community College District (the "District"), Jason Chevalier, Susan Hardie, Lisa Bailey, and Areli Rodriguez. Dkt. 1. On May 24, 2017 plaintiff filed the operative first amended complaint. Dkt. 15 ("FAC"). Plaintiff alleges thirteen claims, namely, (1) discrimination on the bases of race in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981 by the District; (2) discrimination on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, by the District[1]; (3) failure to prevent discrimination in violation of the FEHA by the District; (4) retaliation in violation of the FEHA by the District; (5) harassment on the bases of race and age in violation of the FEHA by Bailey, Chevalier, Hardie, and Rodriguez; (6) religious discrimination in violation of the FEHA by the District; (7) violation of plaintiff's First Amendment right to freedom of speech by Bailey, Chevalier, and Hardie, pursuant to 42 U.S.C. § 1983; (8) discrimination on the bases of race in violation of Title VII of the Civil Rights Act of 1964 by the District; (9) violation of the Americans With Disabilities Act ("ADA") by the District; (10) violation of Section 504 of the Rehabilitation Act of 1973 by the

---

[1] Plaintiff's second claim is for violation of both the ADEA and the California Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12900 et seq. However, plaintiff's twelfth claim appears to duplicate her second claim in regard to the asserted violation of the FEHA. Accordingly, the Court treats plaintiff's second claim as an ADEA claim only.

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|---|---|---|---|
| Title | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

District; (11) disability discrimination and retaliation in violation of the FEHA by the District; (12) discrimination on the bases of age in violation of the FEHA by the District; and (13) discrimination on the bases of race in violation of the FEHA by the District.

On June 15, 2017, defendants filed a motion to dismiss the FAC combined with a motion to strike certain allegations. Dkt. 21 ("Motion"). On June 26, 2017, plaintiff filed an opposition to the motion to dismiss, dkt. 23 ("Opp'n to MTD"), as well as an opposition to the motion to strike, dkt. 24. On July 3, 2017, defendants filed a reply in support of each motion. Dkt. 26, 27.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges the following facts.

Plaintiff is employed by the District as an Educational Program Assistant ("EPA"). FAC ¶ 2. Plaintiff is 56 years old, African American, and a Jehovah's Witness. Id. ¶ 7. Plaintiff has worked as an EPA since at least 2002, and, prior to 2017, received nothing but "Satisfactory" evaluations, indicating that "she performed from 'average to excellent.'" Id. ¶¶ 16, 19. Plaintiff is the most senior EPA at the District. Id. ¶ 17. Plaintiff alleges that, "[b]eginning in July 2014 and continuing through May 2017, the defendants have discriminated against plaintiff based on her race," religion, physical disabilities, "emotional disabilities," and age.[2] Id. ¶ 7.

At an undetermined time, Chevalier began working at the District as Dean of the school of Visual & Performing Arts (the "VPA").[3] Id. ¶ 9. At the time, plaintiff "was the only Black/African American employee at VPA." Id. Upon meeting plaintiff,

---

[2] Plaintiff does not indicate what occurred in July 2014 that set off the alleged period of discrimination. The first dated allegations in the FAC refer to September 2014.

[3] The Court cannot determine the precise chronology of many of the alleged facts, as plaintiff does not allege specific dates.

---

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|----------|-------------------------|------|----------------|
| Title | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

"Chevalier immediately told [her] she could/should resign . . . ." Id. At an undetermined time, "Chevalier stated when he first met [plaintiff], his reaction to her was 'colored.'" Id. Chevalier never used the word "colored" in reference to any of the other employees at VPA.[4] Id.

Plaintiff alleges that Chevalier subjected her to discriminatory treatment. For instance, plaintiff avers that under Chevalier, she was "held to a different standard" than other similarly situated employees in regard to "compensatory time off." Id. At an undetermined time, Chevalier allegedly reported plaintiff to Human Resources for "not complying with compensatory time off."[5] Id. Plaintiff alleges that, even though she acted in the same manner as other similarly situated employees, she was the only one who was singled out by Chevalier for a purported violation of the rules regarding "compensatory time off." Id. Plaintiff also alleges that she has not been paid for 198 hours of "comp time," and that all other similarly situated employees at the District have been paid for the same hours.[6] Id. ¶ 17.

Plaintiff also alleges that under Chevalier, she had to "take her lunch from 11:00 a.m. to 1:00 p.m. and report to Chevalier when she left and returned." Id. Chevalier did not require any other employee to take lunch breaks at specific times, or report to him at the beginning and end of lunch breaks. Id. Furthermore, "Chevalier constantly monitored plaintiff's whereabouts." Id. ¶ 10. Chevalier made plaintiff explain to him where she was when away from her desk, even when she left her desk to use the

---

[4] It is unclear whether plaintiff is alleging that Chevalier stated that his reaction to plaintiff was "colored" *at the time* that he met plaintiff, or whether, at a later date, Chevalier stated that his reaction to plaintiff was "colored," *in reference to* the time that he met plaintiff. The Court cannot discern what plaintiff contends "colored" meant in the context of Chevalier's statement.

[5] It is unclear what "compensatory time off" means in this context, or what rules plaintiff was accused of violating.

[6] The FAC refers to both "compensatory time off" and "comp time" without further explanation, and thus the Court cannot discern the precise meaning of either phrase. However, the Court infers that the two are the same for purposes of this order.

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|----------|--------------------------|------|----------------|
| Title | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

restroom.  Id.  Plaintiff also alleges that "[w]hen [she] was out on sick leave, Chevalier had a male employee" call and ask her why she was taking sick time, and for how long she would be out.[7]  Id. ¶ 9.  No other similarly situated employees were treated in this manner while on sick leave.  Id.

At an undetermined time, "Chevalier took plaintiff's job responsibilities away from plaintiff and gave them to Rodriguez so that Rodriguez would receive an additional stipend compensation for taking over plaintiff's duties and would have control over plaintiff in the workplace."[8]  Id. ¶ 12.  Rodriguez was and is not an EPA, and "was and is much less qualified and younger than plaintiff."  Id. ¶¶ 12, 19.  At an undetermined time, Rodriguez complained that plaintiff was hostile toward her.[9]  Id. ¶ 13.  As a result of Rodriguez's complaint(s), Chevalier issued two counseling memoranda to plaintiff.  The memoranda accused plaintiff of being, "incompetent [and] hostile" and of "unsatisfactory job performance."  Id.

On an undetermined date in September 2014, Chevalier "reminded plaintiff . . . that it was time plaintiff found other employment," prompting plaintiff to contact her "Union to complain about the conduct toward her."  Id. ¶ 11.  In a meeting with Chevalier and Rodriguez on September 5, 2014, "both Chevalier and Rodriguez attacked plaintiff, stating that plaintiff was hostile toward Rodriguez and frightening Rodriguez."  Id.  Plaintiff left the September 5, 2014 meeting because she had an anxiety attack.  Id.  Later, "Chevalier wrote a reprimand, claiming that plaintiff was insubordinate because she left the meeting and could not take the attacks any longer.  Plaintiff's treating physician gave

---

[7] It is unclear how many times plaintiff received calls from work while on sick leave.  In her opposition, plaintiff states that "male *employees*" called her house to find out why she was sick, suggesting that she received calls from multiple male employees.  Opp'n to MTD at 16 (emphasis added).

[8] The Court cannot discern what "stipend compensation" means as used in the FAC.

[9] Plaintiff alleges that "Rodriguez continued her complaint" at an undetermined time, but the Court cannot discern if Rodriguez complained more than once, whether the complaint(s) were formalized in some way, to whom Rodriguez complained, or when Rodriguez complained relative to other events alleged in the FAC.

**CIVIL MINUTES - GENERAL**       **'O'**

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|----------|-------------------------|------|----------------|
| Title | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

her a medical disability leave [sic] because of her emotional state and severe anxiety."[10] Id.

On December 3, 2014, plaintiff filed a formal complaint against Chevalier, "regarding the complaints of unlawful discrimination against plaintiff."[11] Id. ¶ 8. At an undetermined time after plaintiff's December 3, 2014 complaint was filed, Chevalier was informed that plaintiff had filed a formal complaint against him. Id. ¶ 14. Upon discovery of the "formal complaint" against him, Chevalier and Rodriguez began to repeatedly "harass," "bully," and "threat[en]" plaintiff in retaliation. Id. At an undetermined time, "Chevalier subsequently filed his *own* complaint against plaintiff" in retaliation, in which he accused "plaintiff of being hostile toward him and creating a hostile work environment for Rodriguez." Id. (emphasis in original). As a result of Chevalier's complaint against her, plaintiff was suspended without pay in September 2016. Id.

In October 2016, upon return from her suspension, plaintiff was transferred to Business & Applied Technology ("BTD"). Id. ¶ 15. At an undetermined time after her return, plaintiff "was given the false, pretextual reason, by Hardie and Bailey [that] she had to be trained, again, all of a sudden, in the Business & Technology Department," and thus, "could not return to VPA for several months."[12] Id. ¶ 16. Plaintiff alleges that her "transfer/['] demotion' [to BTD] was humiliating and nothing but a set up to get another supervisor to evaluate her and conclude plaintiff was hostile and incompetent." Id.

---

[10] The Court cannot discern when plaintiff's "medical disability leave" began, how long it lasted, or when plaintiff returned to work.

[11] It is unclear where plaintiff lodged this complaint, but plaintiff's opposition to the MTD indicates that the complaint was lodged with the District. Opp'n to MTD at 16.

[12] Plaintiff's opposition states that Bailey and Hardie worked for Human Resources. Opp'n to MTD at 16. However, the allegations in the FAC do not specify which department(s) Bailey and Hardie worked in, what their jobs were, or what their relationships were to plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|---|---|---|---|
| Title | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

After the transfer to BTD, the "District and its agents continued to harass [plaintiff] and monitor [her] restroom use."[13] Id. ¶ 15. Plaintiff attempted to avoid using the restroom so as to avoid being monitored. Id. As a result, plaintiff has sustained "serious medical harm . . . for which she is presently being tested and treated." Id.

At an undetermined time prior to plaintiff's transfer to BTD, Rodriguez had fully taken over plaintiff's duties in VPA. Id. ¶ 16. At an undetermined time after plaintiff's transfer to BTD, plaintiff went to VPA to retrieve her personal belongings. Id. ¶ 17. Plaintiff alleges that when she arrived at VPA "Hardie stood in the doorway of Rodriguez's cubicle 'to defend' Rodriguez as if the *stereotypical* angry black woman was going to attack" Rodriguez. Id. (emphasis in original).

Plaintiff was also "told to attend the Christmas party on or about December 15, 2016."[14] Id. ¶ 18. Plaintiff alleges that her religious faith, Jehovah's Witness, precludes her from participating in Christmas Parties. Id. When plaintiff explained that she could not attend the Christmas party because of her religion, she was told she had to decorate the Christmas tree even though that too would run afoul of her religion.[15] Id.

On or about March 21, 2017, an unspecified person at the BTD gave plaintiff an "Unsatisfactory Evaluation," the first "poor evaluation" she had received in her time

---

[13] Plaintiff does not allege that any of the named defendants were involved in the alleged harassment and restroom-use monitoring that occurred after she was transferred to the BTD.

[14] It is unclear whether plaintiff was told to attend a party that was to occur on or around December 15, 2016, or whether she was told on or around December 15, 2016 to attend a Christmas party that was to occur at a later date.

[15] The FAC does not indicate whether plaintiff attended the Christmas party or decorated the Christmas tree. However, in her opposition plaintiff avers that she neither attended the party nor decorated the tree. Opp'n to MTD at 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|----------|-------------------------|------|----------------|
| Title | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

working at the District. Id. ¶ 19. The evaluation was not "a Permanent Evaluation but a so-called 'Special Evaluation' just for plaintiff."[16] Id.

On March 28, 2017, "plaintiff reinjured her back due to uneven pavement at District which caused her to trip and fall."[17] Id. ¶ 20. At her supervisor's instruction, plaintiff went to "the campus nurse for treatment and evaluation." Id. However, defendants accused plaintiff of failing to follow "proper procedures" for such injuries. Id. As a result, defendants "dock[ed]" an undetermined amount of plaintiff's pay. Id. "District has ignored [plaintiff's] physical disabilities to her back and hand as well as her emotional injuries."[18] Id. Plaintiff further alleges that defendants have failed to accommodate her in any form. Id.

Plaintiff alleges that at an undetermined time after March 28, 2017, she "was forced out on medical disability leave due to the hostile work environment and her . . . anxiety, severe stress, and post-traumatic stress disorder." Id. ¶ 21. Plaintiff also alleges that all of defendants' "actions against [her] [were] designed to force plaintiff to resign or create a paper trail so that defendants can terminate her." Id. ¶ 18. Plaintiff further alleges that District was informed of the "discrimination . . . back in 2015," yet has refused to prevent it.[19] Id. ¶ 22.

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a pleading. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar,

---

[16] The FAC does not explain the difference between a "Permanent Evaluation" and a "Special Evaluation." However, plaintiff appears to contend that the "Special Evaluation" occurred at an unusual time rather than when plaintiff was scheduled for a "Permanent Evaluation." See Opp'n to MTD at 20.

[17] The FAC does not indicate when plaintiff first injured her back.

[18] The FAC contains no allegations as to how and when plaintiff injured her hand.

[19] There are no other allegations in the FAC that are dated 2015.

**CIVIL MINUTES - GENERAL**      **'O'**

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|----------|--------------------------|------|----------------|
| Title | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the pleading, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The pleading must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the pleading (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|----------|--------------------------|------|----------------|
| Title | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

## IV.   DISCUSSION

Plaintiff alleges claims for discrimination, retaliation, and harassment on the basis of race, age, religion, and disability under various state and federal statutes. Several of plaintiff's claims rely upon the same facts and turn upon the same questions of law. Thus, the Court will analyze plaintiff's claims in the following groups: (A) racial discrimination and failure to prevent discrimination; (B) age based discrimination; (C) retaliation; (D) harassment; (E) religious discrimination; and (F) disability discrimination.

### A.   Racial Discrimination and Failure to Prevent Discrimination

Plaintiff's first claim is for violation of Section 1981 by the District. Section 1981 prohibits racial discrimination in the making and enforcement of contracts. See 42 U.S.C. § 1981; Ramirez v. Kroonen, 44 Fed. Appx. 212, 217 (9th Cir. 2002). Plaintiff's eighth and thirteenth claims against the District are for racial discrimination in violation of Title VII and the FEHA respectively. Plaintiff's Section 1981, Title VII, and FEHA claims for racial discrimination are subject to the same analysis. See Fonesca v. Sysco Food Services of Arizona, Inc., 374 F.3d. 840, 850 (9th Cir. 2004) ("Analysis of an employment discrimination claim under § 1981 follows the same legal principles as those applicable in a Title VII disparate treatment case. . . . [T]he same set of facts can give rise to both claims."); (Brooks v. City of San Mateo, 229 F.3d 917, 923 (9th Cir.2000) (Title VII and FEHA claims are subject to the same analysis). To state a claim for racial discrimination, a plaintiff must allege that: (1) she belonged to a protected class; (2) she was qualified for her job; (3) she was subjected to an adverse employment action; and (4)

**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|----------|-------------------------|------|----------------|
| Title | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

similarly situated employees not in her protected class received more favorable treatment.[20]  See Reynaga v. Roseburg Forest Prods., 847 F.3d 678, 691 (9th Cir. 2017).

Plaintiff alleges that she is African American, that she had received nothing but "Satisfactory" evaluations since she began working at the District in 2002, and that she

---

[20] Defendants argue that plaintiff's Section 1981 claim fails as a matter of law because as a public employee, plaintiff's employment is governed by statute, not by contract.  Motion at 5-6.  Whether public employees in the State of California "can sue under Section 1981 is an unresolved question," because California law provides that public employment is not held by contract but by statute.  Peterson III v. California Department of Corrections and Rehabilitation, 451 F. Supp. 2d 1092, 1102 (E.D. Cal. 2006).  In answering this question, district courts within this Circuit have reached opposite conclusions.  Compare Barefield v. California State University, Bakersfield, No. 05-cv-0633-AWI, 2006 WL 829122 (E.D. Cal. Mar. 28, 2006) (holding that public employee could not maintain a § 1981 claim) with Chew v. City and County of San Francisco, No. 13-cv-05286-MEJ, 2016 WL 631924 (N.D. Cal. Feb. 17, 2016) (allowing public employee to maintain a § 1981 claim).  However, the more recent trend among district courts has been to permit Section 1981 claims by California public employees. Harris v. City and County of San Francisco, No. 08-cv-2353-PJH, 2009 WL 2421732, at * 12 (N.D. Cal. Aug. 6, 2009).

In 1991, Congress amended Section 1981 to include "making, performance, modification of all benefits, privileges, terms, and conditions of the contractual relationship."  Lukovsky v. City & Cty. of San Francisco, No. 05-cv-00389-WHA, 2006 WL 436142, at *3 (N.D. Cal. Feb. 21, 2006).  "With this amendment, Congress swept in not only the initiation of the employment relationship but also subsequent modifications during the course of the employment relationship such as promotion."  Id.  Here, plaintiff alleges that she was not paid for certain hours of work, that she was demoted, and that she was "forced" to take leave.  At least at the pleading stage, these allegations appear to be modifications of plaintiff's employment relationship.  The Court joins the more recent trend of cases holding that such allegations are sufficient for a California public employees to bring a Section 1981 claim.  Dismissal of the Section 1981 claims would "clash with clear federal policy" precluding employment discrimination by public entities.  Id.

---

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|----------|-------------------------|------|----------------|
| Title | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

"was always described as an excellent employee." FAC ¶¶ 7, 16, 19. Plaintiff also alleges that she did not receive her first "poor evaluation" until March 2017. Id. ¶ 19. Taking these allegations as true, the FAC alleges that plaintiff is a member of a protected class and was qualified for her job.

Defendants argue that plaintiff fails to satisfy the third and fourth elements of her racial discrimination claims because she fails to offer sufficient allegations that she suffered an adverse employment action that occurred as a result of her race. Motion at 14. Defendants argue that plaintiff has only alleged "conclusory statements that [she] feels she was discriminated against." Id. However, it is well recognized in the Ninth Circuit that "an inference of discrimination can be established . . . by showing that others not in [a plaintiff's] protected class were treated more favorably." Sheppard v. David Evans and Assoc., 694 F.3d 1045, 1050 (9th Cir. 2012) (citing Diaz v. Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1207 (9th Cir. 2008)). Furthermore, on a motion to dismiss, the Court draws all reasonable inferences in favor of the plaintiff. See Pareto, 139 F.3d at 699.

Plaintiff alleges that she was the only African American employee at VPA at the time that Chevalier was hired and that she was the only employee at VPA who was required to take her lunch breaks at a specific time and whose whereabouts were closely scrutinized. FAC ¶¶ 9, 10. Plaintiff also alleges that she was uniquely targeted for discipline even though other similarly situated non-African American employees behaved in the same way. Id. ¶ 9. Most significantly, plaintiff alleges that she was not compensated for 198 hours of "comp time," and that she was the only employee at District who did not receive payment for "comp time." Id. ¶ 18.

Plaintiff's allegation that she was the only African American employee at VPA, along with her allegations regarding the disparate treatment leveled at her alone, give rise to a reasonable inference that plaintiff was discriminated against because of her race. Accordingly, plaintiff has stated a claim for racial discrimination in violation of Section 1981, Title VII, and the FEHA. Defendants' motion to dismiss plaintiff's first, eighth, and thirteenth claims is **DENIED**.[21]

_____

[21] Defendants argue that plaintiff's third claim for failure to prevent discrimination can only proceed if one of plaintiff's underlying FEHA claims survives. Motion at 8.

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|---|---|---|---|
| Title | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

## B.    Age Based Discrimination

Plaintiff's second and twelfth claims for relief are for age discrimination by the District in violation of the ADEA and FEHA. The same analysis applies to both claims. See Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1996). A plaintiff can state a plausible claim for age discrimination by alleging that she (1) was at least forty years old, (2) performed her job satisfactorily, (3) suffered an adverse employment action, and (4) was "either replaced by a younger employee with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination." Sheppard v. David Evans & Assoc., 694 F.3d 1045, 1049 (9th Cir. 2012). In Sheppard, the Ninth Circuit held that "[a]n inference of discrimination can be established by showing the employer had a continuing need for the employee['s] skills and services in that their various duties were still being performed . . . or by showing that others not in their protected class were treated more favorably." 694 F.3d at 1049-50 (quoting Diaz, 521 F.3d at 1207-08).

Plaintiff alleges that she is 56 years old, FAC ¶ 7, and as discussed *supra*, she alleges that she was performing her job satisfactorily. Defendants argue that plaintiff fails to satisfy the third and fourth elements of her claim for age based discrimination because plaintiff fails to specify what, if any, adverse action occurred because she is over forty years of age. Motion at 7. Defendants argue that plaintiff's "skeletal allegations" fail to state a cognizable claim. Id. 6-7.

Defendants are incorrect. Plaintiff alleges that Chevalier told her that "she could/should resign" the first time that he met plaintiff. Id. ¶ 9. In September 2014 Chevalier also told plaintiff that it was time she "found other employment." Id. ¶ 10. Plaintiff alleges that Chevalier transferred plaintiff's job responsibilities to Rodriguez, who is not an EPA, is much younger, and is much less qualified than plaintiff. Id. ¶ 12. Plaintiff also alleges that she was suspended without pay. Id. ¶ 16. Rather than return to her job after the suspension, plaintiff alleges that she was demoted and transferred elsewhere while Rodriguez took over all of her former responsibilities. Plaintiff's allegations that her duties were transferred to the "much younger" and less qualified

Because plaintiff's FEHA claim for racial discrimination withstands the motion to dismiss, the Court also **DENIES** defendants' motion to dismiss plaintiff's claim for failure to prevent discrimination.

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|----------|-------------------------|------|----------------|
| Title | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

Rodriguez, and that plaintiff herself was transferred to BTD for training while her position at VPA was assumed by Rodriguez, give rise to a reasonable inference that plaintiff was discriminated against because of her age.

Accordingly, plaintiff has stated a claim for age discrimination in violation of the ADEA and the FEHA. Defendants' motion to dismiss plaintiff's second and twelfth claims is **DENIED**.

### C. Retaliation

Plaintiff's fourth claim is for retaliation by the District in violation of the FEHA. The FEHA makes it unlawful for an employer "to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal. Gov. Code § 12940(h). A plaintiff may state a claim for retaliation in violation of the FEHA by alleging that (1) she "engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1042 (2005).

Defendants argue that plaintiff's retaliation claim fails because plaintiff fails to allege any adverse employment action resulting from her formal complaint against Chevalier. Motion at 8. Defendants further argue that plaintiff's September 2016 suspension was too remote in time from her formal complaint to support a plausible connection between the two events. Id. at 9, 10. Defendants are incorrect.

As an initial matter, plaintiff alleges more protected activity than merely her December 3, 2014 "formal complaint" against Chevalier. FAC ¶ 8. Plaintiff also alleges that she complained to her Union about events in September 2014, id. ¶ 11, and that she continued to press her complaints in the Department of Fair Employment and Housing ("DFEH") until, on March 20, 2017, she obtained a "Notice of Case Closure and Right to Sue" from the DFEH, id. ¶ 4. Plaintiff alleges several steps extending over years and culminating in the filing of this action.

Additionally, although the FAC contains few specific dates, that does not preclude plaintiff from plausibly stating a claim for retaliation. See Harris v. District of Columbia

**CIVIL MINUTES - GENERAL**   **'O'**

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|----------|--------------------------|------|----------------|
| Title | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

Water and Sewer Auth., 791 F.3d 65, 69 (D.C. Cir. 2015) (reversing dismissal of a retaliation claim under Title VII and noting, "[w]e need not decide whether a five-month time lag without more would be sufficient to render [plaintiff's] claim plausible because his complaint alleged" facts suggesting that there were no otherwise legitimate reasons for the adverse action). Taken together, the allegations of the FAC support a plausible claim for retaliation resulting from plaintiff's protected complaints. Plaintiff alleges that her duties were transferred to Rodriguez, that she was suspended without pay in September 2016, that she was transferred to the BTD in October 2016, that she was given her first unsatisfactory evaluation, and that the District has not paid her for 198 hours of "comp time." Id. ¶¶ 12, 14, 15, 17, 19. Plaintiff further alleges that she received "nothing but 'Satisfactory' evaluations" from the time she began working at the District in 2002, until March 21, 2017. Id. ¶¶ 16, 19. Although plaintiff does not expressly connect the two events in the FAC, plaintiff's first unsatisfactory evaluation allegedly occurred on March 21, 2017, *one day* after the DFEH issued its Notice of Case Closure and Right to Sue. Id. ¶¶ 4, 19. The foregoing allegations are sufficient to state a plausible claim for retaliation in violation of the FEHA. Defendants' motion to dismiss plaintiff's fourth claim is **DENIED**.[22]

---

[22] Plaintiff's seventh claim for retaliation in violation of the First Amendment by Chevalier, Bailey and Hardie is subject to a similar analysis.

When a public employee brings a claim for First Amendment retaliation, she must allege that she engaged in speech that was (1) on a matter of public concern, (2) made as a private citizen, and (3) a motivating factor in an adverse employment action. See Eng v. Cooley, 552 F.3d 1062, 1070-1071 (9th Cir.2009). The Court finds that plaintiff's complaints regarding racial and age based discrimination certainly pertain to a matter of public concern. See Alpha Energy Savers, Inc. v. Hansen, 381 F.3d 917, 926-27 (9th Cir. 2004) ("Disputes over racial, religious, or other such discrimination by public officials . . . involve the type of governmental conduct that affects the societal interest as a whole—conduct in which the public has a deep and abiding interest."). Further, "[s]tatements are made in the speaker's capacity as citizen if the speaker had no official duty to make the questioned statements, or if the speech was not the product of performing the tasks the employee was paid to perform." Eng, 552 F.3d at 1071 (citations omitted). Thus, plaintiff has alleged speech on a matter of public concern in her capacity as a private citizen.

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|----------|-------------------------|------|----------------|
| Title | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

### D.   Harassment

To state a claim for harassment under FEHA, a plaintiff must allege that: "(1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment." Lawler v. Montblanc N. Am., LLC, 704 F.3d 1235, 1244 (9th Cir. 2013); see also Chavez v. JPMorgan Chase Bank, No. 15-cv-02328-DDP-PJW, 2016 WL 3556591, at *6 (C.D. Cal. June 29, 2016) ("[A] Plaintiff alleging age-based harassment must demonstrate, among other things, that the harassment 'is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" (quoting Mokler v. Country of Orange, 157 Cal. App. 4th 121, 145 (2007))).  In addition, "[t]he plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." Lawler, LLC, 704 F.3d at 1244 (quotation marks omitted).  "[E]vidence of, at most, isolated stray remarks is insufficient to give rise to a triable issue of fact regarding hostile work environment or harassment based on age." Allen v. Centillium Comms., Inc., No. 06-cv-0615-EDL, 2008 WL 916976, at *7 (N.D. Cal. Apr. 3, 2008).  Harassment consists of "actions outside the scope of job duties" and "commonly necessary personnel management actions such as hiring and firing, job or project assignments, . . . promotion or demotion, [and] performance evaluations, . . . do not come within the meaning of harassment." Lawler, 704 F.3d at 1244 (quotation marks omitted).

As to whether plaintiff's protected acts were "a motivating factor in an adverse employment action," plaintiff alleges that when Chevalier learned that plaintiff had filed a formal complaint against him, he "immediately took steps" to harass, threaten, and bully plaintiff. FAC ¶ 14.  Plaintiff also alleges that "Chevalier subsequently filed his own complaint against plaintiff" in retaliation.  Id.  Plaintiff further avers that both Bailey and Hardie were involved in plaintiff's "transfer/[']demotion'" to the BTD, which plaintiff claims was in retaliation for the formal complaints. Id. ¶ 16.  The Court finds that plaintiff's allegations regarding Bailey and Hardie are sufficient to raise a reasonable inference of retaliation, especially when viewed alongside the allegation that Bailey knowingly encouraged punitive, harassing actions against plaintiff, and that plaintiff received her first unsatisfactory evaluation while working in BTD. Id. ¶¶ 19, 38. Accordingly, plaintiff has stated claim for First Amendment retaliation by these individual defendants, and the motion to dismiss plaintiff's seventh claim is **DENIED**.

**CIVIL MINUTES - GENERAL**       **'O'**

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|----------|-------------------------|------|----------------|
| Title | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

The Court finds that plaintiff has stated a claim for harassment. Plaintiff alleges that she is a member of a protected group – she is more than 40 years old and she is African American. Plaintiff further alleges that, in her first meeting with Chevalier, he told plaintiff that "she could/should resign," despite the fact that plaintiff had never received anything less than a satisfactory evaluation. FAC ¶¶ 9, 16. In September 2014, Chevalier "reminded plaintiff . . . that it was time [she] found other employment." Id. ¶ 11. Chevalier also "constantly monitored plaintiff's whereabouts," and required plaintiff to report where she was when away from her desk, including when she went to use the restroom. Id. ¶ 9. When plaintiff was home sick, Chevalier had an employee call her to inquire as to why she was out and for how long she would be out. Id. 9. Plaintiff further avers that Chevalier "verbally attacked" plaintiff, and "took steps to repeatedly harass[] plaintiff and bully her with threats." Id. ¶¶ 13, 14. Drawing all reasonable inferences in favor of plaintiff, plaintiff alleges, at bottom, that Chevalier made plaintiff's, and only plaintiff's, work-life difficult while repeatedly telling her, without cause, to resign. Chevalier is alleged to have uniquely scrutinized plaintiff's behavior at work in such a way that she became afraid to use the restroom and, on one occasion, suffered an anxiety attack. Although there are some allegations against Chevalier that, standing alone, are conclusory in nature, the FAC contains sufficient factual substance to state a plausible claim. See Draper v. Coeur Rochester, Inc., 147 F.3d 1104, 1108 (9th Cir. 1998) (although plaintiff's supervisors' "discriminatory acts were not always of a nature that could be identified individually as significant events . . . the day-to-day harassment was primarily significant, both as a legal and as a practical matter, in its cumulative effect.")

Plaintiff's claims for harassment by Hardie, Bailey, and Rodriguez also withstand the instant motion to dismiss. Plaintiff alleges that Rodriguez joined with Chevalier at a meeting on September 5, 2014, to "verbally attack plaintiff," and that Rodriguez joined with Chevalier "to bully [plaintiff] with threats" in the wake of Chevalier's discovery of the formal complaint plaintiff had filed against him. FAC ¶¶ 13, 14. Given the nature of the allegations against Chevalier, the allegations that Rodriguez "joined" in Chevalier's harassing conduct are sufficient to establish a reasonable inference that Rodriguez subjected plaintiff to harassment.

With regard to Bailey and Hardie, plaintiff alleges that Bailey knowingly encouraged "the punitive, harassing acts" against plaintiff and did nothing to prevent them, id. ¶38, and that both Hardie and Bailey were involved in her pretextual transfer to

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|---|---|---|---|
| Title | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

BTD, id. ¶ 16.  Although the allegations against Bailey and Hardie are not extensive, they support a reasonable inference that both joined in efforts to make her work-life difficult. See Roby v. McKesson Corp., 219 P.3d 749, 763 (Cal. 2009) (personnel management decisions—such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion—may "communicat[e] a hostile message," "when the actions establish a widespread pattern of bias"); Christ v. Staples, Inc., No. 2:14-cv-07784-MMM-JEM, 2015 WL 248075, at *6 (C.D. Cal. Jan. 20, 2015) (considering plaintiff's age harassment claim when "[v]iewed in context" of other actions alleged in the complaint).

Plaintiff further alleges that harassment created a hostile work environment.  FAC ¶¶ 13, 21.  Whether plaintiff's working environment was subjectively and objectively perceived as hostile is a question of fact not properly decided on a motion to dismiss.  See Haro v. Therm-X of California, Inc., No. 15-cv-02123-JCS, 2015 WL 5121251, at *6 (N.D. Cal. Aug. 28, 2015) ("To the extent that Therm-X disputes the severity or pervasiveness of the alleged harassment, such issues are better addressed as questions of fact."); Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993) ("But we can say that whether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances."); Fuller v. City of Oakland, 47 F.3d 1522, 1527 (9th Cir. 1995) ("The working environment must both subjectively and objectively be perceived as abusive. Whether the workplace is objectively hostile must be determined from the perspective of a reasonable person with the same fundamental characteristics.  Hostility must be measured based on the totality of the circumstances." (citations omitted)).  Drawing all reasonable inferences from the allegations in favor of plaintiff, she has adequately alleged harassment by the individual defendants.

Accordingly, defendants' motion to dismiss plaintiff's fifth claim is **DENIED**.

### E. Religious Discrimination

Plaintiff's sixth claim is for religious discrimination by the District.  The analysis of a religious discrimination claim under the FEHA is the same as under Title VII.  See Brooks v. City of San Mateo, 229 F. 3d 917, 923 n.3 (9th Cir. 2000) (quoting Beyda v. City of Los Angeles, 65 Cal.App.4th 511, 517(Cal. Ct. App. 1998).  A plaintiff can state a claim of religious discrimination by alleging that she (1) had a bona fide religious belief which conflicted with an employment duty, (2) informed her employer of the belief and

**CIVIL MINUTES - GENERAL**       **'O'**

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|----------|-------------------------|------|----------------|
| Title    | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

conflict, and (3) the employer subjected her to discriminatory treatment because of her inability to fulfill the job requirement. <u>Heller v. EBB Auto Co.</u>, 8 F.3d 1433, 1438 (9th Cir.1993) (a Title VII case).

Plaintiff's religious discrimination claim is predicated upon the following allegations. Plaintiff is a Jehovah's Witness. Her faith does not permit her to "engage in 'Christmas Parties'" or decorate Christmas trees. FAC ¶ 18. Plaintiff alleges that she was "told to attend the Christmas Party" and, when she explained that she could not attend because of her faith, she was told she had to decorate the Christmas tree. <u>Id.</u> Plaintiff alleges that because of her inability to engage in the Christmas activities, she was "told she had problems with 'interpersonal skills,'" and approximately three months later was given her first ever "Unsatisfactory Evaluation" on March 21, 2017. <u>Id.</u> ¶¶ 19, 44. Plaintiff also alleges that her evaluation in March 2017 was not a "Permanent Evaluation but a so-called 'Special Evaluation' just for plaintiff."[23] <u>Id.</u> ¶ 19. The Court finds that the foregoing allegations are sufficient to give rise to the plausible inference that plaintiff received the negative performance evaluation because of her religiously motivated refusal to participate in Christmas activities.

Accordingly, defendant's motion to dismiss plaintiff's sixth claim is **DENIED**.

### F. Disability Discrimination & Failure to Accommodate Disabilities

Plaintiff's ninth and eleventh claims are for disability discrimination by the District, pursuant to the ADA and the FEHA, respectively. Claims for discrimination under the ADA and the FEHA are subject to the same analysis. <u>See Bradley v. Harourt, Brace and Co.</u>, 104 F.3d 267, 271 (9th Cir. 1996). To state a claim for disability discrimination, an employee must allege that she: (1) is disabled; (2) is qualified for her position; and (3) suffered an adverse employment action because of her disability. <u>Snead v. Metropolitan Property & Cas. Ins. Co.</u>, 237 F.3d 1080, 1087 (9th Cir.2001). "An adverse employment decision cannot be made because of a disability when the disability is not known to the employer." <u>Limon v. American Red Cross</u>, No. 09-cv-07355-SJO, 2010 WL 11507875 at *11 (C.D. Cal. Oct. 6, 2010) (citations omitted). "[A]n employer

---

[23] Plaintiff appears to contend that the "Special Evaluation" occurred at an unusual time rather than when plaintiff was scheduled for a "Permanent Evaluation." <u>See</u> Opp'n to MTD at 20.

## CIVIL MINUTES - GENERAL      'O'

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|----------|-------------------------|------|----------------|
| Title | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

knows an employee has a disability when the employee tells the employer about his condition, or when the employer otherwise becomes aware of the condition, such as through a third party or by observation." Id. (citations omitted). Under the ADA, to be considered disabled the individual must have "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102. Similarly,

> under the FEHA, 'physical disability' includes having a physiological disease, disorder, or condition that, by affecting the neurological or musculoskeletal body systems, special sense organs or skin, 'limits' a 'major life activity.' ([Cal. Gov't. Code] § 12926, subd. (k)(1)(A), (B).) 'Limits' is synonymous with making the achievement of a major life activity 'difficult.' (Id., subd. (k)(1)(B)(ii).)

Arteaga v. Brink's, Inc., 163 Cal. App. 4th 327, 345 (Ct. App. Cal. 2008).

It is unclear on what basis plaintiff contends that she was disabled, or what adverse actions allegedly occurred because of her disability. Generally, the allegations relating to plaintiff's disability discrimination claim lack factual substance. For example, plaintiff alleges:

> Plaintiff was not accommodated. She suffered a materially adverse employment action when she was forced on a disability leave because of the retaliatory refusal to accommodate him, transferred, given unsatisfactory evaluations, monitored on a daily basis, given written and verbal reprimands, etc.

FAC ¶ 53.

Although plaintiff alleges that she has a hand injury and that she "reinjured" her back when she fell on March 28, 2017, plaintiff does not allege when she incurred her hand injury or her initial back injury, nor does plaintiff allege that the District had any reason to suspect these prior injuries or how they impacted major life activities. Accordingly, plaintiff has failed to state a claim based upon these injuries.

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|---|---|---|---|
| Title | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

Plaintiff also alleges that she suffers from "severe anxiety attacks and post-traumatic stress" disorder. Id. ¶ 38. Insofar as plaintiff alleges that, at an undetermined time, she obtained medical leave relating to her mental health, id. ¶ 13, plaintiff appears to have alleged that the District was aware of plaintiff's anxiety. However, plaintiff does not allege adverse actions as a result of her anxiety or that anyone denied her request for medical leave. Accordingly, plaintiff has failed to state a claim based upon her mental health.

Plaintiff's disability discrimination claim appears to be predicated upon the injuries she sustained on March 28, 2017, when she reinjured her back. At an undetermined time after her March 28, 2017 fall, plaintiff alleges that she was "forced" to go on medical leave. FAC ¶¶ 20, 21. However, the foregoing allegations are insufficient to state a claim for disability discrimination. Plaintiff fails to allege how, if at all, her injuries limit a "major life activity" so as to qualify as disabilities.[24] Or why medical leave was inappropriate in light of her alleged disability. In light of the foregoing, plaintiff's fall and subsequent medical leave are insufficient to state a claim for disability discrimination. Thus, plaintiff's ninth and eleventh claims must be **DISMISSED**.[25]

---

[24] On the contrary, plaintiff appears to allege that, if she had not been "forced" to take medical leave, she could have continued working notwithstanding her injuries.

[25] Plaintiff's tenth claim for failure to accommodate her disabilities is also insufficiently pled. To state a claim for failure to accommodate a disability, a plaintiff must allege that: (1) she is disabled, (2) she is qualified for her position, and (3) that a reasonable accommodation is possible. See Zukle v. Regents of the Univ. of Cal., 166 F.3d 1041, 1045 (9th Cir.1999). At the pleading stage, a plaintiff alleging failure to accommodate a disability must, at a minimum, "describe the requested accommodation and allege when and to whom it was made." Abdul-Haqq v. Kaiser Found. Hosps., No. 14-cv-4140-PJH, 2015 WL 335863, at *3 (N.D. Cal. Jan. 23, 2015). Here, the pleadings do not mention any request for accommodation of a disability, to whom such a request was made, or when the request was denied. The only allegation that appears related to plaintiff's accommodation claim is plaintiff's allegation that her "physician gave [her] a medical disability leave." FAC ¶ 11. However, plaintiff does not allege that she was denied medical disability leave or allege any facts about how her physician's suggestion was received by her employer. Instead, she appears to contend that she was "forced," in

**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|----------|-------------------------|------|----------------|
| Title | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

## V.    MOTION TO STRIKE

Under Rule 12(f), the Court may strike any material that is "redundant, immaterial, impertinent or scandalous." "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation marks omitted), rev'd on other grounds, 510 U.S. 517 (1994). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, 984 F.2d at 1527. A motion to strike is a matter of the district court's discretion. Griffin v. Gomez, No. 98-cv-21038-JW, 2010 WL 4704448, at *4 (N.D. Cal. Nov. 12, 2010). Because of "the limited importance of pleadings in federal practice," motions to strike are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). Indeed, "[m]otions to strike are generally not granted unless it is clear that matter to be stricken could have no possible bearing on the subject matter of litigation." Lazar v. Trans Union LLC, 195 F.R.D. 665, 669 (C.D. Cal. 2000) (quotation marks omitted). In determining a motion to strike, the court must view the pleadings in the light most favorable to the non-moving party. See Wailua Assocs. v. Aetna Cas. & Sur. Co., 183 F.R.D. 550, 554 (D. Haw. 1998).

Defendants move to strike eight lines in the FAC regarding (1) punitive damages against the District, (2) punitive damages against the individual defendants, (3) "irrelevant references" to Rodriguez and Chevalier, and (4) duplicative allegations in plaintiff's eleventh and twelfth claims. Motion at 16-19.

In regard to punitive damages allegations, Rule 12(f) "does not authorize a district court to dismiss a [request] for damages on the basis [that] it is precluded as a matter of law." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 976 (9th Cir. 2010). Instead, the availability of punitive damages is better addressed on a motion for summary judgment. Id. 974.

error, to take medical leave. Id. ¶ 21. To the extent that the FAC alleges only a request for accommodation that was granted, plaintiff fails to allege a claim for denial of a reasonable accommodation. The motion to dismiss plaintiff's tenth claim is **GRANTED**.

**CIVIL MINUTES - GENERAL**       **'O'**

| Case No. | 5:17-cv-00815-CAS(FFMx) | Date | August 8, 2017 |
|---|---|---|---|
| Title | DUNN v. CHAFFEY CMTY. COLL. DIST. ET AL. | | |

In regard to allegations concerning Chevalier and Rodriguez, plaintiff asserts that the allegations pertain to her claim of a racially hostile work environment. Although plaintiff's argument is tenuous, the Court declines to strike these allegations, because it is not clear at this stage that they have "no possible bearing" on the subject matter of the litigation. See Lazar, 195 F.R.D. at 669 (quotation marks omitted).

In sum, the Court **DENIES** defendants' motion to strike.

## VI.   CONCLUSION

Defendants' request to strike portions of the operative pleading is **DENIED**.

Defendants' motion to dismiss is **GRANTED in part** and **DENIED in part**. Plaintiff's ninth, tenth, and eleventh claims are **DISMISSED without prejudice**. The motion is **DENIED** as it relates to plaintiff's first, second, third, fourth, fifth, sixth, seventh, eighth, twelfth, and thirteenth claims.

Plaintiff is hereby granted **14 days leave**, commencing on the date of this order, in which to file an amended complaint curing the deficiencies identified herein. Plaintiff shall not add any new claims other than those alleged in the FAC without first seeking leave to add new claims. Failure to file an amended pleading identifying the deficiencies identified here may result in dismissal of those claims with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |